UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN McLAUGHLIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:08-CV-084 RM |
| ) | |
| CAREN JONES, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Kevin McLaughlin, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

<u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

<u>Erickson v. Pardus</u>, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

<u>Id.</u> at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 550 U.S. ___, ___; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965, *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. McLaughlin alleges that Lake County Jail Warden Caren Jones recommended to Judge Clarence D. Murray that he be sent to the Reception and Diagnostic Center before he was convicted. He alleges that Judge Murray sent him there and that the Reception and Diagnostic Center accepted him and then placed him in the Westville Correctional Complex even though he was still a pre-trial detainee. The Constitution doesn't require that pre-trial detainees be held in a county jail nor prohibit a judge from ordering that a pre-trial detainee be held in a state correctional facility. *See* Lock v. Jenkins, 641 F.2d 488, 494 (7th Cir. 1981).

To the extent that Mr. McLaughlin is alleging that Caren Jones punished him without due process of law, it was not her, but the judge that ordered him transferred. Moreover, even if the judicial process did not afford him due process, that is not a claim for which she can be held liable. A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Ordering the placement of a pre-trial detainee pending trial is within the court's jurisdiction, so the judge is immune from suit based on these actions. So too, the Eleventh Amendment prohibits monetary damage suits against States and their agencies. Kashani

3

v. Purdue University, 813 F.2d. 843, 845 (7th Cir. 1987). Therefore Mr. McLaughlin does not state a claim against the Reception and Diagnostic Center.

Finally, Mr. McLaughlin alleges that Judge Murray and Deputy Prosecuting Attorney Phillip King are denying him his right to a speedy trial. As previously discussed, Judge Murray is immune from suit because scheduling trials is within the authority of the court. The prosecutor is immune from suit because "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: March  25 , 2008

　　　　　　　　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.　
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

4